UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case No. 8:12-bk-09142-MGW
 Chapter 13
Jan K. Swetic and
Claudette Swetic,

      Debtors.
_____/

**MEMORANDUM OPINION ON DENIAL**
**OF CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

     Under section 443.051(2), Florida Statutes, unemployment compensation "benefits due" to the recipient "are exempt from all claims of creditors and from levy, execution, or attachment, or other remedy for recovery or collection of a debt."[1] In their Amended Schedule C[2], Jan and Claudette Swetic seek to exempt a bank account with a balance of $15,631 under this provision because they can directly trace this amount back to received unemployment compensation. The Chapter 13 Trustee has objected to confirmation of the Swetics' Chapter 13 Plan[3], arguing that unemployment benefits are not exempt after they are received by a debtor. If the unemployment proceeds are not exempt, the Swetics' Chapter 13 Plan fails the "best interests of the creditors" test under 11 U.S.C. § 1325(a)(4) and cannot be confirmed.

---

[1] Fla. Stat. § 443.051(2).

[2] Doc. No. 30.

[3] Doc. No. 2.

Having considered the relevant statutory provisions and cases construing them, the Court finds the Trustee's argument persuasive and concludes that received unemployment benefits are not an exempt asset. Accordingly, the Swetics' current Chapter 13 Plan may not be confirmed.

*Factual Background*

Although the record is unclear as to which of the Debtors received the unemployment benefit, it is conceded that the Debtors received at least $15,631 in unemployment compensation following a job loss. Rather than spend the unemployment income, the Swetics apparently were in a financial position that permitted them to save it. Toward that end, the Swetic's opened a checking account at Branch Banking & Trust ("BB&T") for the sole purpose of depositing the unemployment compensation benefits. No money from any other source appears to have been deposited in the BB&T account. Accordingly, the sole question for the Court's review is whether section 443.051, Florida Statutes, exempts unemployment compensation that has been paid to the recipient.

*Conclusions of Law[4]*

This issue appears to be one of first impression.[5] In reviewing Florida's other exemption statutes, it is clear that there is no uniform answer regarding the treatment of monies received from exempt sources. Although the language of many of Florida's exemptions is similar, the breadth of each exemption must be determined by analyzing subtle differences within the phrasing of the applicable section.[6] For example, section 222.11, Florida Statutes, clearly exempts head of household wages for a

---

[4] The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

[5] At oral argument, both sides conceded that they had been unable to locate directly applicable case law. The Court's independent research confirms that no directly applicable case law exists in Florida.

[6] *See, e.g., Broward v. Jacksonville Medical Center*, 690 So. 2d 589 (Fla. 1997).

period of "6 months after the earnings are received" if a debtor deposits the funds into a permissible account and can trace the funds back to the earned wages.[7] Sections 222.13 (exempting life insurance proceeds of deceased debtors) and 222.14 (exempting annuities and life insurance cash surrender values) both expressly exempt "the proceeds" received by a debtor that otherwise fall under the applicable exemption.[8] And sections 222.21 (exempting pensions and recognized retirement plans) and 222.25 (exempting tax refunds) both provide exemptions for "[m]oney received" by the debtor.[9]

According to the statute currently at issue, "… benefits due … may not be … encumbered and … are exempt from all claims of creditors and from … attachment … for … collection of a debt …." On its face, the statute appears unambiguous in exempting only those amounts that are "due" to the recipient. "[B]enefits due" is not analogous to benefits paid. As evidenced by section 222.18 (exempting disability benefits) the Florida Legislature would not have included the word "due" in the unemployment exemption if it intended it to apply to all "benefits."[10] However, the Swetics argue that this seemingly restrictive language should be interpreted to include benefits paid to recipients for public policy reasons.

In support of their argument, the Swetics have cited the Florida Supreme Court's decision in *Broward v. Jacksonville Medical Center*.[11] In *Jacksonville Medical*, a hospital sought to garnish an

---

[7] Fla. Stat. § 222.11(3). In 1985, the Florida Legislature amended section 221.11 to expand the exemption to cover wages received by a debtor following two Florida appellate decisions, which held that the previous version of the statute only exempted funds that were due but had not been paid. *See* Ch. 96-159, Laws of Fla. *See also Hertz v. Fisher*, 339 So. 2d 1148 (Fla. 1st DCA 1976); *Holmes v. Blazer Financial Services*, Inc., 369 So. 2d 987 (Fla. 4th DCA 1979).

[8] *See* Fla. Stat. §§ 222.13(1), 222.14. *See also Milam v. Davis*, 123 So. 668 (Fla. 1929) (*en banc*) (life insurance proceeds are exempt from creditors of the insured); *In re Lazen*, 217 B.R. 332, 335 (Bankr. M.D. Fla. 1998) (benefits received from annuity contracts remain exempt under the statute).

[9] *See* Fla. Stat. §§ 222.21(1), 222.25.

[10] Fla. Stat. §§ 222.18. The exemption afforded to disability income benefits includes benefits that are either payable or already paid to a debtor. Accordingly, this exemption lacks the restrictive word "due." *See In re Ryzner*, 208 B.R. 568, 570 (Bankr. M.D. Fla. 1997); *Parl v. Parl*, 699 So. 2d 765, 766 (Fla. 4th DCA 1997).

[11] 690 So. 2d 589 (Fla. 1997).

individual's checking account that consisted solely of funds the individual had received from a workers' compensation payout.[12] The county court found that the term "due or payable," as set forth in the statute, limited the exemption to funds not yet received. Thus, because the workers' compensation benefits were received and deposited into a bank account, the exemption no longer applied. The circuit court agreed with the county court's construction and affirmed the decision. The First District Court of Appeal denied certiorari but certified the question to the Florida Supreme Court.

In reversing the decisions of the lower courts, the Florida Supreme Court disagreed with the county and circuit courts' conclusion that the statute was unambiguous. After dissecting the statute into two parts, the Supreme Court concluded that the language was open to more than one interpretation, requiring an inquiry into the legislative intent behind the statute. The legislative intent made clear that the workers' compensation law was designed to protect employees and their dependents against the hardships that arise from an employee's injury or death arising from the course of employment. As Florida's workers' compensation laws are remedial in nature, the Supreme Court reasoned, courts should resolve any doubts as to statutory construction in favor of providing benefits to injured workers. To apply a narrow construction of the law would thwart the purpose of the statute. Accordingly, the Supreme Court concluded that even after receipt, the proceeds from workers' compensation benefits retain their exempt character.[13]

Because *Jacksonville Medical* is a Florida Supreme Court case, this Court is bound to follow it unless it is distinguishable on some ground. That analysis requires comparing the wording of the statute creating the exemption for workers' compensation benefits that was before the Supreme Court in

---

[12] *Id.* at 590-92.

[13] *Id.*

*Jacksonville Medical* with the wording of the statute creating the exemption for unemployment compensation that is before the Court in this case.

We start with a side-by-side view of the two statutes. Relevant to the instant case, section 443.051(2), Florida Statutes, pertaining to unemployment compensation provides:

> … benefits due … may not be … encumbered and … are exempt from all claims of creditors and from … attachment … for … collection of a debt ….

This is to be compared with section 440.22, Florida Statutes, pertaining to workers' compensation benefits, that was the applicable law in *Jacksonville Medical*. That statute provides:

> No assignment … of … benefits due or payable … shall be valid, and such … benefits shall be exempt from all claims of creditors, and from … attachments … for … collection of a debt ….

Key to the Supreme Court's finding that the language of section 440.22 was ambiguous was its view that the statute is constructed in two separate and independent clauses. In this analysis, the first clause is: "No assignment … of … benefits due or payable … shall be valid." The second clause is: "[A]nd such … benefits shall be exempt…." In this fashion, the Supreme Court separates the first phrase, which prohibits assignment of benefits *due or payable,* from the second phrase, which makes "benefits" exempt from all claims of creditors. Because the remedies specified in the second clause are those traditionally employed for the collection of funds that are already in the hands of a debtor, and these remedies have little relevance to the words "due or payable" as contained in the first phrase, the Supreme Court found persuasive the argument that the words "due or payable" only modify the first clause. Under this interpretation, the second clause stands on its own with the result that worker's compensation benefits are exempt even after they have been paid to the debtor.

In this case, the applicable statute, section 443.051(2), cannot be divided into two clauses. The phrase "benefits due … may not be … encumbered and … are exempt…" is a single unitary sentence. Accordingly, the term "are exempt" can only modify "benefits due." And the term "benefits due" is an

unambiguous term that even the Florida Supreme Court noted carries the "meaning of something owing" rather than the meaning of something paid.[14]

*Conclusion*

As a consequence, the Court finds that, unlike the statute before the Florida Supreme Court in *Jacksonville Medical*, section 443.051 does not contain any ambiguity. As a result, this Court is bound to interpret the statute by its plain meaning and conclude that once received, proceeds from unemployment benefit payments lose their exempt character.

Accordingly, by separate order entered March 12, 2013,[15] the Court denied confirmation and granted the Debtors leave to amend the Chapter 13 Plan within 21 days to comply with the findings and conclusions announced in open court on March 4, 2013, and contained in this Memorandum Opinion.

**DATED** in Chambers at Tampa, Florida, on ___March 13, 2013___.

_____
Michael G. Williamson
United States Bankruptcy Judge

Copies to be provided by CM/ECF service.

**William C. Harrison, Esq.**
*Counsel for Terry E. Smith, Trustee*

**Laurie L. Blanton, Esq.**
**Fitzhugh & Blanton, P.A.**
*Counsel for Debtors*

---

[14] *Id.* at 591.

[15] Doc. No. 47