UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Case No. 8:12-bk-09142-MGW
                                                    Chapter 13
Jan K. Swetic and
Claudette Swetic,

        Debtors.
_____/

## MEMORANDUM OPINION AND ORDER
## DENYING DEBTORS' MOTION FOR RECONSIDERATION

Section 443.051(2), Florida Statutes, provides that unemployment compensation

"benefits due . . . may not be . . . encumbered and . . . are exempt from all claims of creditors and

from . . . attachment . . . for . . . collection of a debt." At the time they filed this case, the Debtors

were holding $15,631 in accumulated unemployment compensation benefits. They claimed those

benefits as exempt. But the Court ruled that section 443.051 only exempts benefits owing but not

yet paid.[1] As a consequence, because the accumulated benefits were not exempt, the Swetics'

Chapter 13 Plan failed the "best interests of the creditors" test under Bankruptcy Code §

1325(a)(4).

The Debtors have asked the Court to reconsider its ruling because they say that the

wording of section 443.051 exempts not only "benefits due" but benefits received and in the

possession of the Debtors on the petition date.[2] In support of this conclusion, they argue that

section  443.051 should be broken down into two clauses: under the first clause, "benefits due"

may not be encumbered, while under the second clause "benefits"—whether due or already

---

[1] *In re Swetic*, 2013 WL 988160, at *3 (Bankr. M.D. Fla. 2013).

[2] Doc. No. 50 (the "Motion").

paid—are exempt from execution. The Debtors' interpretation of section 443.051, however, is grammatically incorrect.

The words "benefits due" must apply throughout the statute because the statute consists of a compound predicate,[3] and the second verb in a compound predicate joined by a conjunction must have the same subject as the first verb. Plus, the word "due" in this case is a postpositive adjective,[4] which means it modifies the noun it follows: "benefits." The Debtors' interpretation of section 443.051 ignores both of these grammar rules. The Court's interpretation does not. Accordingly, the Court declines to vacate its previous ruling.

## Background

The facts of this case are not in dispute. Before filing for bankruptcy, the Debtors had accumulated $15,631 in unemployment compensation benefits.[5] When they filed for bankruptcy, the Debtors claimed those funds (which were sitting in a bank account at Branch Banking & Trust) as exempt.[6] Under section 443.051, Florida Statutes, unemployment compensation "benefits due" to the recipient are exempt from execution:

> *[B]enefits due* under this chapter may not be assigned, pledged, encumbered, released, or commuted and, except as otherwise provided in this chapter, are exempt from all claims of creditors and from levy, execution, or attachment, or other remedy for

---

[3] A "compound predicate" is "a predicate consisting of two or more verbs connected by *and*." Bryan A. Garner, *Garner's Modern American Usage* 913 (2009). A predicate, in turn, is "a verb or verb phrase in a sentence without its objects, modifiers, etc." *Id.* The predicate expresses what the subject does or is. William Strunk, Jr. & E.B. White, *The Elements of Style* 93 (4th ed. 2000). Example of a compound predicate: "Bryan works in Italy and speaks Italian."

[4] "Postpositive" means a "modifier or particle that is placed after its associated word." Bryan A. Garner, *Garner's Modern American Usage* 860 (2003). That includes adjectives. *Id.* So a "postpositive adjective" is an adjective that appears after the noun it modifies. *Id.* Examples: accounts receivable, body politic, fee simple, force majeure, and proof positive.

[5] Doc. No. 1 at Schedule B.

[6] *Id.* at Schedule C.

recovery or collection of a debt, which exemption may not be
waived.[7]

The Trustee objected to the claim of exemption. So the Court, in considering whether to confirm the Debtors' plan, had to decide whether "benefits due" included benefits already paid to the Debtors.

That issue was one of first impression.[8] Looking solely at the text of the statute, this Court initially concluded that the phrase "benefits due" was unambiguous and did not include benefits that had already been "paid."[9] The Court reasoned that "due" was not analogous to "paid." But the Debtors pointed to the Florida Supreme Court's decision in *Broward v. Jacksonville Medical Center*, where the Florida Supreme Court held that workers compensation benefits that had already been paid out were exempt from execution under a similar statute.[10]

The statute in that case provided that worker compensation benefits "due or payable" could not be assigned and that the "benefits" were exempt from execution:

> No assignment, release, or commutation of compensation or *benefits due or payable* under this chapter except as provided by this chapter shall be valid, and such compensation and *benefits* shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived.[11]

According to the Florida Supreme Court, the statute was, at best, ambiguous.[12]

---

[7] § 443.051(2), Fla. Stat. (emphasis added).

[8] *In re Swetic*, 2013 WL 988160, at *1.

[9] *Id.* at 2.

[10] *Broward v. Jacksonville Medical*, 690 So. 2d 589, 590 (Fla. 1997).

[11] *Id.* (quoting § 440.22, Fla. Stat.) (emphasis in original).

[12] *Id.* at 591.

On the one hand, the Florida Supreme Court agreed with the lower court that the words "due or payable" meant "something owing."[13] Under that definition, then, benefits "due or payable" would not include benefits already paid. On the other hand, it was not clear to the Supreme Court that the words "due or payable" applied to the whole statute.[14]

After all, unlike section 443.051, section 440.22 (the statute involved in *Jacksonville Medical*) consisted of two clauses with two separate subjects.[15] The first clause prohibited a beneficiary from disposing of benefits "due or payable"—i.e., before they were paid. The second clause exempted "benefits"—without the postpositive adjectives *due* or *payable*—from collection once they were in the beneficiary's hands. The Court in *Jacksonville Medical* reasoned that the words "due or payable" arguably applied only to the first clause because those words (which refer to benefits that are "owing") have little relevance to the collection remedies specified in the second clause.[16]

This Court, in analyzing *Jacksonville Medical*, noted this crucial difference when comparing the statute in that case with the one in this case: unlike the statute in *Jacksonville Medical*, the statute in this case cannot be broken down into two independent clauses.[17] Consequently, this Court concluded that the words "benefits due" applied throughout section 443.051 and did not include benefits already paid to the Debtors.[18]

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *In re Swetic*, 2013 WL 988160, at *3 (Bankr. M.D. Fla. 2013).

[18] *Id.*

## Analysis

The Debtors say this Court's analysis is wrong for two reasons. First, the Debtors say the *Jacksonville Medical* Court never said—contrary to this Court's analysis—that the statute in that case consisted of two separate and *independent* clauses.[19] According to the Debtors, the *Jacksonville Medical* Court only said the statute consisted of two clauses. For that reason, the Debtors say *Jacksonville Medical* is not distinguishable from this case. Second, because Jacksonville *Medical* is not distinguishable, the Debtors say this Court should have followed that decision and broken section 443.051 down into a subject ("benefits") and two clauses (the first clause being "due under this chapter may not be assigned, pledged, encumbered, or released," and the second clause being "are exempt from all claims of creditors and from levy, execution, or attachment, or other remedy for recovery or collection of a debt").[20] Under that interpretation, "benefits"—and not "benefits due"—are exempt. The Debtors' interpretation of *Jacksonville Medical* and the statute in this case, however, is based on faulty grammar.

For starters, a comma is used with a coordinating conjunction to join two clauses—like in *Jacksonville Medical*—only when the two clauses are independent clauses.[21] An independent clause contains a subject and predicate and makes sense by itself.[22] The second clause in the *Jacksonville Medical* statute contains a subject (benefits) and a predicate (are exempt) and makes

---

[19] Doc. No. 50 at 3-4.

[20] *Id.* at 4-5

[21] Bryan A. Garner, *Legal Writing in Plain English: A Text with Exercises* 147 (2001); Strunk & White, *Elements of Style* at 5. Two or more independent clauses joined by a coordinating conjunction is, of course, a compound sentence. Strunk & White, *Elements of Style* at 91.

[22] Strunk & White, *Elements of Style* at 91.

5

sense on its own. That, coupled with the fact that the two clauses are joined by a comma and a coordinating conjunction, indicates they are independent.

That is an important point because two clauses separated by the conjunction "and" can have different subjects only if they are independent clauses. In *Jacksonville Medical*, the Court concluded that the statute was arguably ambiguous because it was not clear the words "due or payable" applied throughout the statute. According to the Court, it could reasonably interpret "benefits due or payable"—which the Court acknowledged meant "benefits owing"—to apply only to the first clause and "benefits" to apply only to the second. That could not have been the case if the second clause was not independent and instead merely the second clause in a compound predicate. If the clause following the conjunction "and" is merely the second part of a compound predicate, it must have the same subject as the preceding clause.[23]

Here, there is no question the clause following the conjunction "and" in section 443.051 is the second part of a compound predicate. That clause reads: "are exempt from all claims of creditors and from levy, execution, or attachment, or other remedy for recovery or collection of a debt." It does not have a subject, and it does not make sense on its own. So it is not an independent clause. As a consequence, the same subject must apply throughout the statute.

And that subject must be "benefits due." The Debtors concede that "due" is an adjective. The definition of "due" cited in their motion says as much. The Debtors, however, try to split

---

[23] Bryan Garner explains that a comma is ordinarily used to separate coordinated main (independent) clauses. Bryan A. Garner, *Garner's Dictionary of Legal Usage* 731 (2011). But there are two exceptions to that rule. The first exception is not relevant here. Under the second exception, the comma between two coordinated main clauses may be omitted when the subject of the second independent clause is the same as the first and is not repeated. *Id.* The authors of *The Element of Style* likewise confirm that the comma should be omitted after "and" if the subject of both clauses is the same but expressed only once. Strunk & White, *Elements of Style* at 5.

"due" from the noun it modifies. But the Debtors' attempt to split "due" from "benefits" ignores general rules regarding adjective placement.

There are—at least for purposes of this opinion—three types of adjectives: attributive, postpositive, and predicative adjectives.[24] Attributive adjectives, the most common type, immediately precede the noun they modify (i.e., "the white house"). As noted above, postpositive adjectives, the least common type, immediately follow the noun they modify (i.e., "accounts receivable"). Predicative adjectives are contained in a predicate clause and follow a linking verb.[25] "Due," in this case, is a not a predicative adjective because it does not follow a linking verb. "Exempt," however, does, and it is part of the predicate, so it is a predicative adjective. Nor is "due" an attributive adjective because it precedes "are," and "are" is the linking verb—not the subject. It is evident, then, that "due" is a postpositive adjective because it immediately follows the noun that it modifies.

Because the same subject must apply to both clauses, the Court concludes that the subject in this case is "benefits due."[26] And the Court has already concluded—just like the Court in *Jacksonville Medical*—that "due" means "owing." Accordingly, section 443.051, by its plain terms, does not exempt benefits once they are paid out.

---

[24] There are, in actuality, more than three types of adjectives. The Court, however, is not attempting to author an authoritative treatise on grammar in this opinion. For one, the Court is not equipped to do so. Besides, language scholars have already accomplished this task. For a comprehensive and authoritative work on grammar, see *Garner's Dictionary of Legal Usage* and *Garner's Modern American Usage.*

[25] A predicative adjective is an adjective that comes after a linking verb (not before the noun it modifies) and describes the subject. Garner, *Garner's Modern American Usage* at 860. Example: "The flowers are blue."

[26] A "subject" can include a noun and an adjective.  Garner, *Garner's Modern American Usage* at 858-60 & 862 (defining "noun," "noun phrase," and "subject").

**Conclusion**

When giving advice on writing, Mark Twain was reported to have said: "When you catch an adjective kill it."[27] That is, in essence, the rule of statutory construction the Debtors employ here. While that approach is understandable, the Court must follow fundamental principles of grammar when interpreting a statute.[28] And in doing so, the Court has no choice but to conclude that the words "benefits due" apply throughout section 443.051, Florida Statutes. Accordingly, it is

       **ORDERED** that the Motion is DENIED.

       **DONE** and **ORDERED** in Chambers at Tampa, Florida, on _July 09, 2013_____

 

Michael G. Williamson
United States Bankruptcy Judge

**William C. Harrison, Esq.**
*Counsel for Terry E. Smith, Trustee*

**Laurie L. Blanton, Esq.**
**Fitzhugh & Blanton, P.A.**
*Counsel for Debtors*

Attorney Laurie L. Blanton is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

---

[27] That advice was apparently given in a letter to one of his students, D.W. Bowser, in 1880. *See* Mark Twain on Writing: "Kill Your Adjectives," Forbes, http://www.forbes.com/sites/katelee/2012/11/30/mark-twain-on-writing-kill-your-adjectives.

[28] *Trust Care Health Servs. v. ACHA*, 50 So. 3d 13, 20 (Fla. 3d DCA 2010).